| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>ERIC R. PERKINS, ESQ., *Pro Se*<br>Chapter 7 Trustee<br>40 West Ridgewood Avenue<br>Ridgewood, New Jersey 07450<br>Telephone: 201-445-6722<br>Facsimile: 201-445-5376<br>Email: eperkins@mdmc-law.com | FILED<br>JEANNE A. NAUGHTON, CLERK<br>JUN 13 2017<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY_____DEPUTY |
| In re:<br><br>VAN PEENEN'S DAIRY, INC., ET AL.<br><br>Debtors. | Case No. 12-20820 (RG)<br><br>Jointly Administered<br><br>Chapter 7 Proceeding<br><br>Honorable Rosemary Gambardella, U.S.B.J.<br><br>Hearing Date: June 13, 2017 ~~at 10:00 a.m.~~ |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND FED. R. BANKR. P. 2002 AND 6004:
(1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE
ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES
AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3)
WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR.
P. 6004(h); AND (4) FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

6/13/17   _____
          /s/ Rosemary Gambardella
          U.S.B.J.

| | |
|---|---|
| Page 2 | |
| Debtor: | Van Peenen's Dairy, Inc., et al. |
| Case No: | 12-20820 |
| Caption of Order: | **ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002 AND 6004: (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3) WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(b); AND (4) FOR RELATED RELIEF** |

THIS MATTER having been opened to the Court upon Eric R. Perkins, Chapter 7 Trustee for estates of Van Peenen's Dairy, Inc. and Van Peenen Property LLC (collectively, the "Debtors"), having filed a Notice of Private Sale to sell certain tangible and intangible assets of the Debtor (the "Notice of Private Sale") as set forth in the Notice of Private Sale; and responses having been filed with respect to the sale; and it appearing that the Notice of Private Sale as it pertains to the entry of this Order was good and sufficient under the circumstances; and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Notice of Private Sale and any objections or responses thereto, if any, and having heard the arguments of counsel in support of the relief requested at a hearing before this Court; and it appearing that entry of this Order is in the best interest of the Debtors' estates, its creditors and other stakeholders; and upon the Notice of Private Sale, responses filed, if any, and the record of the Hearing; and after due deliberation and good cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED THAT[1]:

A.  The Debtors each filed a voluntary Chapter 11 petition on April 26, 2012.

B.  The Debtors' bankruptcy cases were converted to cases under Chapter 7 of Bankruptcy Code on September 4, 2012, and Eric R. Perkins was appointed Chapter 7 Trustee (the "Trustee").

C.  On May 3, 2017, the Trustee filed the Notice of Private Sale regarding the sale of certain tangible and intangible assets of the Debtors' estates.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

Page 3
Debtor:              Van Peenen's Dairy, Inc., et al.
Case No:             12-20820
Caption of Order:    ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002 AND 6004: (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3) WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(b); AND (4) FOR RELATED RELIEF

D.  The Notice of Private Sale provided that the Trustee proposed to sell (1) all property of the estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned or transferred, but specifically excluding (1) cash held as of the date of the Purchase Agreement[2] by the Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (2) any receivables recovered by C&W Consultants, Inc. dba CW Recovery ("CW") pursuant to the engagement letter between CW and the Debtors; and (3) the Purchase Price of $5,000.00 (the "Remnant Assets").

E.  The Trustee is authorized to sell his rights, title and interest in the Remnant Assets, free and clear of all interests, claims, encumbrances and liens with any such interests, claims, encumbrances and liens to attach to the proceeds of the Remnant Assets in the order of their priority, with the same validity, force and effect that they now have as against the Remnant Assets, subject to the rights, claims, defenses and objections, if any, of the Trustee and all interested parties with respect to such liens and claims.

F.  The Trustee has articulated good and sufficient business reasons to support this Court's approval of entry of this Order (1) authorizing the Trustee to sell the Remnant Assets of the estates as described in the Purchase Agreement; (2) approving the sale of such Remnant Assets; (3) waiving the fourteen (14) day stay period pursuant to Rule 6004(h) so that the closing may occur immediately following entry of this Order; and (4) granting such other related relief as set forth herein.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in Memorandum of Law on Behalf of Chapter 7 Trustee In Support of Motion Seeking Entry of an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Motion").

Page 4
Debtor: Van Peenen's Dairy, Inc., et al.
Case No: 12-20820
Caption of Order: ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002 AND 6004: (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3) WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(b); AND (4) FOR RELATED RELIEF

G. The Trustee is selling the Remnant Assets "AS IS, WHERE IS".

H. The entry of this Order is in the best interest of the Debtors and its estates, creditors and other stakeholders.

I. The Purchase Price and the terms of the Purchase Agreement are fair and reasonable.

J. Oak Point is found to be a good faith purchaser in compliance with the requirements of Section 363(m) of the Bankruptcy Code and the standard set forth in In re Abbotts Dairies of Pennsylvania. Inc., 788 F.2d 143 (3d Cir. 1986).

K. Timely notice of the sale and an opportunity to object or be heard with respect to the sale has been afforded to all interested and identifiable potentially interested persons and entities.

L. The requirements of Fed. R. Bankr. P. 6004(h) are hereby waived.

**ORDERED:**

1. The relief sought in the Motion is GRANTED.

2. The sale of the Remnant Assets and the Purchase Agreement, including all of its terms and conditions, are approved in their entirety.

3. Pursuant to 11 U.S.C. §363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price described in the Motion.

4. The Trustee has articulated good and sufficient business reasons to support this Court's entry of this Order (1) authorizing the Trustee to sell the Remnant Assets of the Debtors' estates as described in the Purchase Agreement; (2) approving the sale of such Remnant Assets; and (3) waiving the fourteen (14) day stay pursuant to Fed. R. Bankr. P. 6004(h).

Page 5
Debtor:            Van Peenen's Dairy, Inc., et al.
Case No:           12-20820
Caption of Order:  ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002 AND 6004: (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3) WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(b); AND (4) FOR RELATED RELIEF

5. The sale shall be free and clear of all security interests, judgment liens or any other encumbrance that have, or may have, attached to the Remnant Assets, and upon closing of the sale, any such security interest, judgment lien or any other encumbrance shall be transferred from the Remnant Assets to the sale proceeds.

6. The Trustee is authorized to sell the Remnant Assets free and clear of all interests, claims, encumbrances and liens, with any such interests, claims, encumbrances and liens to attach to the proceeds of the sale of the Remnant Assets in the order of their priority, with the same validity, force and effect that they now have as against the Remnant Assets, subject to the rights, claims, defenses and objections, if any, of the Trustee and all interested parties with respect to such liens and claims.

7. The Purchase Agreement is fair and reasonable.

8. The noticing of the sale, including the Notice of Private Sale, constituted sufficient and timely notice of the sale, and a sufficient opportunity to object or be heard with respect to the sale has been afforded to all interested and identifiable potentially interested persons and entities.

9. The requirements of Fed. R. Bankr. P. 6004(h) are hereby waived and this Order is **NOT** stayed until the expiration of 14 days after its entry.

10. The entry of this Order is in the best interest of the Debtors and its estates, creditors and other stakeholders.

11. The Trustee and the Debtors are authorized to sign any and all documents, and to take such further action, as is necessary, in order to consummate this transaction.

**Page 6**
**Debtor:** Van Peenen's Dairy, Inc., et al.
**Case No:** 12-20820
**Caption of Order:** ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002 AND 6004: (1) AUTHORIZING THE CHAPTER 7 TRUSTEE TO SELL ASSETS OF THE ESTATES FREE AND CLEAR OF INTERESTS, CLAIMS, ENCUMBRANCES AND LIENS; (2) APPROVING THE SALE OF THE DEBTORS' ASSETS; (3) WAIVING THE 14 DAY STAY PERIOD PURSUANT TO FED. R. BANKR. P. 6004(b); AND (4) FOR RELATED RELIEF

12. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

13. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

14. The Court shall retain jurisdiction over any motion related to the sale and any matter or dispute arising from or relating to the implementation of this Order.